IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **RAMONA BROWN, on behalf of herself and others similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) ) | Civil Action No.: 15-00029-CG-G |
| **LAMBERT'S CAFÉ III, INC.** ) ) ) | |
| **Defendant.** ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT.**

## ANSWER.

Defendant Lambert's Café III, Inc. files this Answer to Plaintiff's Collective Action Complaint, as follows:

1. Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Defendant is without sufficient information or knowledge of the Plaintiff's current residency. Defendant admits that Plaintiff was employed by Defendant as a server, but denies she was employed as a server throughout her employment with Defendant. Defendant denies the remaining allegations of paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff asserts claims under the FLSA, 29 U.S.C. § 201, et seq. Defendant denies that it deprived Plaintiff or any "similarly situated servers" of their lawful wages, denies that other servers are similarly situated to Plaintiff and denies the remaining allegations of paragraph 3 of the Complaint.

4.      Defendant admits that Plaintiff asserts claims to recover unpaid wages and overtime, allegedly owed to Plaintiff and all similarly situated servers employed by the Defendant, pursuant to the FLSA.  Defendant denies that it deprived Plaintiff or any "similarly situated servers" of their lawful wages, denies that other servers are similarly situated to Plaintiff and denies the remaining allegations of paragraph 4 of the Complaint.

5.      Defendant admits that Plaintiff was at times paid an hourly cash wage of $2.13 per hour after taking a permissible tip credit.  Defendant denies that Plaintiff was only paid at the rate of $2.13 per hour, denies that Plaintiff is similarly situated to other servers and denies the remaining allegations of paragraph 5 of the Complaint.

6.      Defendant denies the allegations of paragraph 6 of the Complaint.

7.      Defendant denies the allegations of paragraph 7 of the Complaint.

8.      Defendant denies the allegations of paragraph 8 of the Complaint.

9.      Defendant denies the allegations of paragraph 9 of the Complaint.

10.     Defendant denies the allegations of paragraph 10 of the Complaint.

11.     Defendant denies the allegations of paragraph 11 of the Complaint.

12.     Defendant denies the allegations of paragraph 12 of the Complaint.

13.     Defendant denies the allegations of paragraph 13 of the Complaint.

14.     Defendant denies the allegations of paragraph 14 of the Complaint.

15.     Defendant denies the allegations of paragraph 15 of the Complaint.

16.     Defendant denies the allegations of paragraph 16 of the Complaint.

17.     Defendant denies the allegations of paragraph 17 of the Complaint.

18.     Defendant denies the allegations of paragraph 18 of the Complaint.

19.     Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies that all servers are similarly situated to Plaintiff, denies it is liable to Plaintiff or any other server and denies the remaining allegations of paragraph 24 of the Complaint.

25. Defendant admits the allegations of paragraph 25 of the Complaint.

26. Defendant admits the allegations of paragraph 26 of the Complaint.

27. Defendant admits that it has been engaged in commerce for at least three years prior to the filing of the Complaint. The remaining allegations of paragraph 27 assert a legal conclusion for which no response is required.

28. Defendant admits it has an annual gross business exceeding $500,000 and its employees handle and/or work with goods that have moved in commerce. Defendant denies the remaining allegations of paragraph 28 of the Complaint.

29. Defendant admits is employed Plaintiff. The remaining allegations of paragraph 29 assert a legal conclusion for which no response is required.

30. Defendant admits that Plaintiff worked as a server within the territory of the United States within three years preceding the filing of the Complaint. Defendant denies all other servers were similarly situated to Plaintiff and denies the remaining allegations of paragraph 30 of the Complaint.

31. Defendant admits that it is subject to the provisions of the FLSA. Defendant denies that all other servers were similarly situated to Plaintiff and denies the remaining allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendants admit that have been aware of the requirements of the FLSA, but deny the remaining allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies each allegation in the Complaint not specifically admitted, denied or otherwise controverted.

46. Defendant denies that Plaintiff or any other server is entitled to any of the relief contained in the "Wherefore" paragraph in the Complaint.

## **AFFIRMATIVE DEFENSES.**

### **FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's allegations, and those allegations of any other persons on whose behalf Plaintiff seeks to assert a claim under the FLSA, fail to state a claim for which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims, and the claims of any other persons on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred by the applicable statute of limitations.

### **THIRD AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff and any other employee who receives tips should be limited to the extent that they have failed to mitigate any of the damages alleged in the Collective Action Complaint.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff, and any other persons on whose behalf Plaintiff seeks to assert a claim under the FLSA, have not suffered any legally cognizable damage.

### **FIFTH AFFIRMATIVE DEFENSE**

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the

statute.

## SIXTH AFFIRMATIVE DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three (3) years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

## SEVENTH AFFIRMATIVE DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. §259, as Defendant was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as Defendant was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint for relief are barred by the doctrines of estoppel, unclean hands, laches and/or waiver.

## TENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is not appropriate because, even if any unlawful practices occurred, which Defendant expressly denies, such practices were prohibited by

corporate policy and not committed, approved or ratified by upper management.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, or attorney's fees may be awarded.

### TWELVTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated with other current and former employees of Defendant for the purposes of maintaining a collective action under 29 U.S.C. § 216(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative of the putative class or collective action members.

### FOURTEENTH AFFIRMATIVE DEFENSE

Collective action certification in not appropriate under 29 U.S.C. § 216(b).

WHEREFORE, Defendant respectfully requests the Court:

a. Enter an order dismissing Plaintiff's Complaint with prejudice;

b. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint.

c. Award Defendant its attorneys' fees and costs; and

d. Grant any further relief as the Court deems just and proper.

*Respectfully Submitted,*

*/s/ Elizabeth Darby Rehm*
Elizabeth Darby Rehm (REHME4348)
edr@kullmanlaw.com

7

The Kullman Firm
*A Professional Law Corporation*
P.O. Box 1287
Mobile, Alabama 36633
(251) 432-1811

**Attorney for Lambert's Café III, Inc.**

**OF COUNSEL:**
Robert A. Kaiser
rkaiser@armstrongteasdale.com
Armstrong Teasdale, LLP
7700 Forsyth Boulevard
Suite 1800
St. Louis, MO 63105
(314) 342-4153

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for Ramona Brown:

Jon C. Goldfarb
Daniel E. Arciniegas
L. William Smith
Wiggins, Childs, Pantazis Fisher,
 & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203


Henry Brewster
Henry Brewster, L.L.C.
205 N. Conception Street
Mobile, AL  36603

Abby M. Richardson
Richardson Law Firm, LLC
P.O. Box 81227
Mobile, AL  36689

    /s/ Elizabeth Darby Rehm
    Elizabeth Darby Rehm